UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Charles McLawhorn, ) | Civil Action No.: 4:14-cv-02745-RBH |
|        Plaintiff, ) | |
| v. ) | **ORDER** |
| Ocwen Loan Servicing, LLC; and ) | |
| Altisource Residential Corporation, ) | |
|        Defendants. ) | |

This matter is before the Court on Plaintiff's [ECF No. 70] motion *in limine*, and motions *in limine* [ECF No. 71 & 72] filed by Defendants, Ocwen Loan Servicing, LLC ("Ocwen") and Altisource Residential Corporation ("Altisource Residential"). For the reasons stated below, the Court denies and finds as moot Plaintiff's motion *in limine* and grants Defendants' motions *in limine*.[1]

## **Background**

Plaintiff is the owner of a parcel of real property located at 3405 Burris Street, North Myrtle Beach, South Carolina ("McLawhorn Property"). On or about August 31, 1999, Dorothea and James Estes executed a mortgage on 3507 Burris Street, North Myrtle Beach, South Carolina ("Estes Property"). Plaintiff has never held an ownership interest or been a party to any loan agreement, guaranty, or other agreement related to the Estes Property or Estes Mortgage and Dorothea and James Estes have never held an ownership interest in the McLawhorn Property. The McLawhorn Property was not encumbered by any mortgage at any time relevant to the complaint.

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

Plaintiff contends that Defendants, on one or more occasions, forced entry into the McLawhorn Property by breaking through the front door. Plaintiff alleges Defendants and/or their agents displayed foreclosure notices and/or instruments throughout the McLawhorn Property, turned off the power supply, turned off the water supply, drained hot water tanks, maliciously damaged the front door of Plaintiff's home, changed the locks, and placed a lock box on Plaintiff's front door. Defendants respond that a mistake in the loan servicing documents led them to believe that the Estes mortgage, which went into foreclosure, was connected with 3405 Burris Street (McLawhorn Property) instead of 3507 Burris Street (Estes Property) and that they mistakenly entered the Plaintiff's property at 3405 Burris Street to winterize it thinking that it was the Estes Property.

On July 1, 2016, Ocwen and Altisource Residential filed a joint motion for summary judgment, which the Court granted in part and denied in part. Altisource Residential also filed a separate motion for summary judgment, which the Court denied, arguing that Plaintiff sued the wrong defendant entity and that Altisource Residential was entitled to summary judgment as there was no genuine issue of material fact regarding its lack of involvement in this matter. Following the Court's Order on Defendants' motions for summary judgment, Plaintiff's remaining claims are for trespass and negligence against Ocwen and Altisource Residential.

**I.      Plaintiff's motion *in limine* [ECF No. 70]**

Plaintiff's motion *in limine* seeks to exclude: 1) testimony of an unidentified representative of Altisource Solutions, Inc.; 2) evidence and testimony pertaining to correspondence dated February 16, 2013, from Ocwen Loan Servicing, LLC; 3) evidence and testimony pertaining to an Order of the United States Bankruptcy Court from the Southern District of New York filed on November 21, 2012; 4) evidence and testimony pertaining to a Stipulation and Order of the United

States Bankruptcy Court from the Southern District of New York filed on February 15, 2013; and 5) the affidavit and deposition testimony of Katherine Ortwerth taken in another proceeding in which Plaintiff was not a party.

### A.     Unidentified Altisource Solutions, Inc. Representative

Plaintiff anticipates that the Defendants will attempt to offer testimony of an Altisource Solutions, Inc. representative relating to its business relationship and its transactions with Defendant Ocwen Loan Servicing, LLC ("Ocwen").  For the same reasons the Court denied Altisource Residential's motion for summary judgment, Plaintiff's motion is **DENIED** as to the unidentified Altisource Solutions representative.

### B.     February 16, 2013 Correspondence from Ocwen Loan Servicing, LLC

Plaintiff anticipates that Defendants will attempt to offer a letter dated February 16, 2013, from Defendant Ocwen that shows that Freddie Mac is the owner of the Estes Mortgage and that Ocwen was servicing the Estes Mortgage on behalf of Freddie Mac.  Plaintiff contends that the letter and its contents are irrelevant.  Plaintiff also objects arguing the letter constitutes inadmissible hearsay.  Defendants respond that they no longer plan to offer the letter into evidence but may seek to offer testimony regarding its contents.  Based on Defendants' withdrawal of the letter, Plaintiff's motion to exclude the letter is now **MOOT**.  To the extent Defendants seek to offer testimony that Freddie Mac was the owner of the Estes Mortgage during the relevant time period and that Ocwen was servicing the loan on behalf of Freddie Mac, this Court would find that such testimony is relevant based on Ocwen's position that an error in the loan servicing documents on the Estes Mortgage led to Defendants' wrongful entry onto Plaintiff's property.

**C.     Bankruptcy Court Orders filed November 21, 2012 and February 15, 2013**

Plaintiff seeks to exclude evidence and testimony related to Orders of the United States Bankruptcy Court for the Southern District of New York filed on November 21, 2012, and February 15, 2013. Plaintiff appears to argue that the Orders are irrelevant and may confuse or mislead the jury. Plaintiff believes that Defendants will attempt to introduce evidence relating to the referenced Orders to support their assertion that Altisource Residential is not a proper party due to their claim that Freddie Mac owned the Estes Mortgage. Defendants have indicated that they no longer intend to offer the Orders into evidence. Plaintiff's motion *in limine* to exclude the November 21, 2012 and February 15, 2013 Bankruptcy Court Orders is therefore rendered **MOOT**.

**D.     Affidavit and Deposition Testimony of Katherine Ortwerth**

Plaintiff moves to exclude the affidavit and deposition testimony of Katherine Ortwerth, that was given in a previous case involving Ocwen in which Plaintiff was not a party. Defendants responded that they had not included the affidavit and deposition testimony in their pretrial disclosures and were not planning to introduce these exhibits. Defendants note, however, that Ortwerth's affidavit is included in Plaintiff's own pretrial disclosures. Additionally, the Court notes that Plaintiff attached Ortwerth's affidavit and deposition testimony as an exhibit in his response to Defendants' motions for summary judgment. *See* [ECF No. 66-8 and 66-14]. In light of Defendants' indication that they do not intend to introduce these documents, Plaintiff's motion *in limine* to exclude the affidavit and deposition testimony of Katherine Ortwerth is **MOOT**.

**II     Defendants' Motion *in limine* [ECF No. 71]**

Defendants' motion seeks to exclude any testimony or other evidence regarding or referencing any events or injuries not involving the Defendants. Plaintiff's father, C.M.

McLawhorn, testified during his deposition about a 2011 incident in which GMAC and CoreLogic broke into Plaintiff's home and caused $5,600 worth of damage. Defendants maintain that they had no involvement with the McLawhorn Property or the Plaintiff in 2011 and the allegations in the Complaint involve only events that took place in 2014. Defendants argue that the evidence is not relevant and should be excluded under Rules 401, 402, and 403 of the Federal Rules of Evidence.

Plaintiff responds that the evidence is relevant to the issue of whether Defendants' actions were willful, wanton, and reckless, and whether the Defendants' alleged unfair and deceptive acts and practices have an impact on the public interest. Plaintiff argues that the 2011 incident involving GMAC and CoreLogic is relevant to Plaintiff's claim for punitive damages because it shows repeated trespasses onto Plaintiff's property. Plaintiff also claims that Ocwen was involved with the Estes mortgage and Plaintiff's property before the 2011 forcible entry based on a Complaint filed by Ocwen on April 25, 2013, in a separate lawsuit.

Despite the statement in the Complaint filed by Ocwen in a separate unrelated matter, it is undisputed that Ocwen purchased GMAC's assets[2] following GMAC's bankruptcy and the sale of those assets, along with the transfer of some GMAC employees, occurred in February 2013, long after the alleged 2011 incident involving GMAC. The acts allegedly committed by GMAC and CoreLogic in 2011, prior to the sale to Ocwen in February 2013, did not involve Ocwen or Altisource Residential and are not relevant to events alleged in the Complaint. The 2011 incident has no bearing on whether Defendants were reckless, willful, or wanton with respect to the alleged 2014 trespass onto Plaintiff's property. Further, Plaintiff has failed to show an adequate basis for

---

[2] GMAC's assets included the mortgage servicing rights to certain Freddie Mac loans and included the mortgage servicing rights to the Estes Mortgage.

successor liability. *See Brown v. American Railroad Express Co.*, 128 S.C. 428, 123 S.E. 97 (S.C. 1924); *Simmons v. Mark Lift Industries, Inc.*, 366 S.C. 308, 622 S.E.2d 213 (S.C. 2005); *Walton v. Mazda of Rock Hill*, 376 S.C. 301, 657 S.E.2d 67 (S.C. Ct. App. 2008) (stating a successor does not maintain any liability for the transferee's debts and liabilities in the absence of a statute unless one of four exceptions applies: (1) express agreement to assume such debt; (2) consolidation or merger; (3) continuation of the predecessor; or (4) fraudulent transfer for the purpose of defeating creditors claims).  Finally, to the extent the evidence could arguably be relevant to this lawsuit or the facts of this case, the evidence should be excluded under Rule 403 as its potential to prejudice Defendants, confuse the issues, and mislead the jury outweighs any probative value.

For those reasons, Defendants' motion *in limine* to exclude any testimony or other evidence regarding or referencing any events or injuries not involving the Defendants is **GRANTED**.

**III     Defendants' Motion *in limine* [ECF No. 72]**

Defendants move to exclude any testimony or evidence regarding injuries or damages suffered by individuals other than the Plaintiff.  Defendants point to the deposition of Plaintiff's father, C.M. McLawhorn, in which he references that one of his daughters, Ashley McLawhorn (i.e. Plaintiff's sister), is too afraid to use the property.  Plaintiff's father also testified that "the joy of the ownership of my beach house for me and my family is gone" and that the Property is now worthless because he and his family are scared to use it.  Plaintiff's father also claims that Defendants' actions have negatively affected his health.  Because Plaintiff's father, nor his daughters, are a party to this lawsuit, Defendants argue that any evidence or testimony relating or referencing injury or damage suffered by them should be excluded under Rules 401, 402, and 403 of the Federal Rules of Evidence.

Plaintiff responds that Ashley McLawhorn's fear of using the McLawhorn Property and C.M. McLawhorn's testimony regarding how the Defendants' actions damaged the Property, affected his health, and affected his family's use of the Property is relevant to the determination of damages. Plaintiff further argues that the evidence is relevant to Plaintiff's unfair trade practices claim in that it indicates how Defendants' alleged unfair trade practices affect persons other than the Plaintiff, i.e. the public interest. Finally, Plaintiff argues that under *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), a jury may consider the harm incurred by C.M. Mclawhorn and Ashley McLawhorn in determining the punitive damages to be awarded to the Plaintiff.

Damages recoverable for trespass or nuisance are strictly limited to damages to one's property interests. *Babb v. Lee County Landfill, SC, LLC*, 747 S.E.2d 468, 474 (S.C. 2013). Generally, in the case of an injury or damage of a permanent nature to real property, whether by trespass, nuisance, or negligence, the proper measure of damages is the diminution of the market value by reason of that injury. *Yadkin Brick Co., Inc. v. Materials Recovery Co.*, 529 S.E.2d 764, 767 (S.C. Ct. App. 2000); *Ravan v. Greenville County*, 434 S.E.2d 296, 307 (S.C. Ct. App. 1993) ("The measure of damages for permanent injury to real property by pollution, whether by nuisance, trespass, negligence, or inverse condemnation is the diminution in the market value of the property"). However, where the damages are for a temporary harm or nonpermanent injury to real property, the measure of damages is limited to the lost rental value of the property. *Gray v. Southern Facilities, Inc.*, 183 S.E.2d 438, 443 (S.C. 1971). Lost rental value includes the annoyance and discomfort experienced as the result of the temporary trespass or nuisance and is the difference between the rental value absent the trespass or nuisance and the rental value with the trespass or nuisance. *Babb*, 747 S.E.2d at 475.

In the Order ruling on Defendants' motions for summary judgment, this Court found a genuine issue of material fact existed as to the nature and extent of Plaintiff's damages as a result of the alleged wrongful entry and/or trespass. This Court noted that Plaintiff was competent to offer lay opinion testimony regarding the alleged damage and the value of his property following the alleged trespass and/or wrongful entry. In contrast, testimony from Ashley McLawhorn and C.M. McLawhorn regarding their own sentimental damages, fear of using the property, or the worsening of a medical condition is not relevant because Ashley McLawhorn and C.M. McLawhorn are not parties to this case. Plaintiff cannot recover damages based on Ashley and C.M. McLawhorn's injuries, loss, or damage and to permit them to testify as to such would unnecessarily confuse and/or mislead the jury regarding the proper measure of damages in this case.

Plaintiff's reliance on *Philip Morris* is misplaced in that *Philip Morris* specifically held that "the Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties." *Philip Morris*, 549 U.S. at 353. The Supreme Court noted in its opinion, however, that "[e]vidence of actual harm to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk of harm to the general public, and so was particularly reprehensible." *Id*. at 355. Here, Ashley and C.M. McLawhorn's proposed testimony is not be probative of any alleged substantial risk of harm to the *general public*. Rather, their proposed testimony is personal and directly tied to their personal interest and damage as it relates to the McLawhorn Property. As to Plaintiff's argument that the evidence is relevant to Plaintiff's unfair trade practices claim, the Court has granted summary judgment as to that claim.

Because Ashley and C.M. McLawhorn are not parties to this case, testimony regarding their own sentimental damages, fear of using the property, or the worsening of a medical condition is not

relevant and not admissible under Rule 402 of the Federal Rules of Evidence. Also, the prejudicial effect of this evidence outweighs any probative value and requires its exclusion under Rule 403. For those reasons, Defendants' motion to exclude testimony and evidence concerning injury or damage to individuals other than the Plaintiff is **GRANTED**.

### Conclusion

For the reasons stated above, the Court **DENIES** and finds as **MOOT** Plaintiff's [ECF No. 70] motion *in limine,* and **GRANTS** Defendants' [ECF Nos. 71 & 72] motions *in limine*.

IT IS SO ORDERED.

February 15, 2017  s/ R. Bryan Harwell
Florence, South Carolina  R. Bryan Harwell
United States District Judge